## CHAPMAN AND NELSON *vs.* WILLIAM S. SLOAN.

Two pleas are not admissible to the same action, if they are of a like import, or present issues, that must be tried by different courts. Nor will they be admitted, if one expressly admits what the other denies, unless they both appear necessary to the merits of the defence.
The rules as to double pleading in our courts are derived from the English practice under the statute of Anne.

THIS was an action of debt upon a judgment.

The defendant pleaded, first, *nul tiel* record; secondly, payment; third, a release.

The plaintiffs objected to receiving all said pleas in this action, on the ground, that the first plea was inconsistent with the second and third pleas, and must also be tried by the court, while the two last are triable by a jury.

*Britton*, counsel for the plaintiffs.

*Bell*, for the defendant.

(1) Tidd 607.
—1 Chitt. Pl.
541.

WOODBURY, J. The right to plead more than one plea to the same declaration did not exist at common law.(1) We have no statute authorizing it; and consequently have introduced the right here, I presume, by a gradual adoption of the practice under the 4th and 5th of Anne, which, in England, confers the right, " with the leave of the court." With this leave, that statute allows any pleas whatever, except in penal actions and in appeals of felony. But their courts have added to these exceptions, by never granting this leave in cases where the king is a party, and where the pro-

ceeding is a writ of error. *Tidd* 610.—1 *Chitt. Pl.* 541.— 1 *Mass. Rep.* 230.

They have, likewise, exercised a discretion in granting this leave in all cases, so that though the motion to plead double is allowed as a matter of course, yet all the pleas offered will not of course be received.(1)

(1) 15 Mass. Rep. 55.— Tidd 611,

As I am not aware of any variance between our practice and theirs on this subject, the question in this case must be settled by reference to their decisions. We have been able to extract from numerous cases on this subject only the following general rules :

First, two pleas of a like or similar import will not, if objected to, be received. 1 *Bos. & Pull.* 222, *Shaw vs. Everett.*—2 *ditto* 72.—2 *Mass. Rep.* 543.—6 *ditto* 6. Because both are unnecessary, and at the same time occasion useless prolixity on the record, as well as useless trouble in replying to them. *Yelv.* 174, *b.*, *note.*—1 *Chitt. Pl.* 498.—5 *Bac. Ab.* " *Pleading*," *K.* 448. The instances given of two such pleas are the general issue, and a special plea tantamount to the general issue.

Second, two pleas will not be received, which must be tried by different tribunals, or courts ; as in England, in dower, the pleas of never married and never seized. *Com. Rep.* 148.—2 *Bl. Rep.* 1157, 1207. Because there the first plea must be tried in an ecclesiastical forum by a bishop, and the last in a common law court by a jury.(2) But here both being tried by a jury, they may well be pleaded together.

(2) 2 Wils. 118.

The reason for this second general rule probably rests on the inconvenience of settling different issues in the same cause in different and distinct courts. It does not, therefore, apply to the trial of different issues by different persons in the same court ; and trials of this kind are constantly happening of issues, some of which terminate in questions of fact, and some in questions of law. The only exceptions to this practice arise under our statute upon usury, and our statute concerning trustees of debtors.(3) Under both of those, the fact of usury and the fact whether trustee or not,

(3) 1 N. H. Laws 286, 173.

Chapman et a.
*vs.*
Sloan.

may be put to the jury, or be tried by the oath of the defendant; but it has very properly been held, that by these provisions it was not intended to give the party both modes of trial to settle one and the same fact, but merely an election of either mode.

Third, it is frequently laid down in the books, that to the same action two pleas will not be received, which are in appearance inconsistent or contradictory. *2 Bl. Rep.* 1157.— 12 *East* 20.

The reason given for this rule is, that such pleas would spread an " incongruity on the record."(1) No little difficulty exists in determining what pleas come within the spirit of this rule. But probably no single test is so accurate as that two pleas are inadmissible in the same action, if one expressly admits what the other denies. Should they be deemed inadmissible when one impliedly admits what the other denies, almost every case of double pleading would be excluded. 5 *Bac. Ab.* " *Pleading*," *K.*—*Com. Di.* " *Pleader*," *E.* 2.

(1) 5 D. & E.
98, Jenkins
vs. Edwards.

Thus in replevin, a plea of property in the avowant impliedly admits the taking, but still it has been allowed with a plea of *non cepit*.(2) Because it is not necessarily founded on the idea, that the avowant took the property, but merely alleges, that, whether he took it or not, the property was his. Thus, also, the statute of limitations may be pleaded with *non assumpsit*; for though it impliedly confesses, that a cause of action once existed, it in substance only alleges, that no such cause has existed within six years.(3) So are the pleas of *non est factum* and bankruptcy to the same action. *Bac. Ab.* " *Pleading*," *K.*—2 *Stra.* 100, 871.

(2) 11 John.
Rep. 196,
Shuter vs.
Page.

(3) 2 Strange
889.

But it has been adjudged, that a plea of tender and another of alien enemy are not admissible to the same action; because the first plea expressly admits, that the plaintiff has a *locus standi* in court, while the last one denies it. 10 *East* 326, Shombeck vs. *De la Cour.*—12 *ditto* 20. For the like reason, that one plea expressly admits what the other denies, tender and *non assumpsit* cannot both be pleaded to the same count, or rather the same sum. 4 *D. & E.* 194,

*M'Lellan vs. Howard.*—3 *Wils.* 145.—2 *Stra.* 949. So *solvit post diem*, or *ad diem* are inadmissible with *non est factum.* 2 *Bl. Rep.* 905, 993. So as to tender and *non est factum.* 5 *D. & E.* 97, 98. But payment and *non assumpsit* are admissible together ;(1) because, I presume, *non assumpsit* relates to the time of trial, rather than the alleged time of the promise, and consequently does not expressly contradict that a cause of action once existed and may have since been paid. When we leave actions sounding in contract, the adherence to this third rule seems to have been very loose. For in trespass, pleas of not guilty, of a justification and of tender of amends have all been admitted together. 2 *Bl. Rep.* 1093, *Martin vs. Kesterton.* And, indeed, many cases, sounding in contract as well as tort, are altogether irreconcileable with it. 1 *Chitt. Pl.* 542.—1 *Str.* 496, *Cary vs. Jenkins.—Com. Di.* " *Pleader,*" *E.* 2.

Other decisions in *Barnes, Fortescue,* &c. frequently support and as frequently impugn what seems under this rule to be the true criterion ; and, on mere authority, it would hardly be proper to hold parties in all cases to this criterion concerning the inconsistency or contradiction of their pleas, but the court on this point should exercise a sound discretion in their leave to plead double, and withhold it whenever the case seems to conflict with this rule, if the object of the two pleas appears to be to make " an oppressive use of that liberty,"which may be given under the statute. But whenever both pleas appear to be material to the defence, they may well be admitted, though apparently inconsistent. 2 *Bos. & Pull.* 12, *Lechmere vs. Rice.*

When a party has more than one defence, it is impossible in all cases to anticipate which will prove the strongest ; and it would be oppressive to debar one of them, because it might admit some facts, which in the course of the other defence are denied. The pleas are only hypothetical statements of the defendant's case, and are each independent of the other, and to most purposes must stand or fall by their own merits. *Cilley vs. Jenness, ante.*

The pleas in the present case militate with none of the preceding rules unless it may be with the third. But as the

Chapman et a. *vs.* Sloan.

(1) 10 East. 326, note.

Chapman et a.
vs.
Nelson.

record of the judgment may in law have some radical defect, and still a payment or a release have been made, the pleas are all admitted.