## BUMP *vs.* SMITH & a.

Where the general issue is plead and a brief statement filed, the plaintiff is bound to make out his case, independent of any facts in such brief statement, in the same manner as though the trial was on the general issue merely.

A vote by a school district, to raise a given sum to remove and repair a school house, is within the authority granted by statute to raise money for " erecting and repairing school houses."

If a person remove from a school district, with part of his family, for a temporary purpose, having an intention of returning, he is still liable to taxation as an inhabitant of the district.

TRESPASS *de bonis asportatis.* The defendants severally plead the general issue, and each filed therewith a brief statement, setting forth that he and the others were selectmen of Campton, duly elected, and sworn—that on the 7th of July, 1838, Daniel Spencer, clerk of the school district No. 7, in said town, certified to said selectmen that the district had voted to raise $100, to remove and repair the school house ; and that they assessed the plaintiff, he being an inhabitant of said district, with the other inhabitants, and made their warrant for the collection of said tax, and that the plaintiff's property was taken by distress, for the payment of the same.

It appeared on the trial, that all the defendants were duly elected selectmen of Campton, and that they all signed the amended assessment hereafter mentioned ; but the warrant to the collector, under which the property was taken, was signed by Smith and Kenniston only.

The vote of the district, upon which the tax was assessed, was in these words, viz. : " Voted, to remove the old school house and repair it."

" *Voted, to raise one hundred dollars to remove and repair the school house.*"

" Voted, to locate the school house at the upper corner of the orchard, near Israel Spencer's, on the north side of the road."

" Voted, to purchase a piece of land at the upper corner of the orchard, near Israel Spencer's, four rods east and west,

and three rods north and south, on the north side of the road."

The plaintiff excepted, that the statute conferred on the district no power to raise money for moving a school house.

The record of the assessment of the tax in the books of the selectmen did not appear to have been signed; and the plaintiff excepted, that the record was not sufficient. The defendants asked leave to amend, which was granted, and they filed a copy of said record, signed by all the selectmen.

It appeared that the plaintiff, prior to March 31, 1838, had been an inhabitant of district No. 7, and on that day he removed, with his wife and part of his family, into district No. 1; but subsequently returned into district No. 7. He offered evidence to show that this removal was under such circumstances as to constitute a change of domicil, and the defendants evidence to rebut it.

To the admission of this evidence the plaintiff excepted, but the court overruled the objection.

The court directed the jury that Adams, one of the defendants, not having signed the warrant for the collection of the tax, and no evidence having been offered to show that he directed the property of the plaintiff to be taken, or sanctioned the proceedings of the officer, could not be held liable in an action of trespass, and was entitled to a verdict; and submitted to them the evidence relative to the question whether the plaintiff was an inhabitant of the district, with directions, if they found the plaintiff went with his wife into district No. 1, for a temporary purpose, and intended to return into district No. 7, where a part of his family remained, he was liable to be taxed; but if they found that he went into district No. 1, intending to make that his place of abode, and without any intention of returning, and was so residing there when the tax was voted, then he was not liable to taxation.

The jury returned a verdict for all the defendants, and

the plaintiff moved for a new trial, on the ground that incompetent evidence had been admitted.

*W. Thompson & Bell,* for the plaintiff.

*Quincy,* for the defendants.

UPHAM, J. The first exception suggested in this case is, that the direction of the court in relation to Adams, one of the defendants in this suit, was erroneous.

The direction of the court was, that Adams, not having signed the warrant for the collection of the tax, and no evidence having been offered to show that he directed the property to be taken, or sanctioned the proceedings of the officer, could not be held liable to an action of trespass, and was entitled to a verdict.

This direction was excepted to, for the reason that Adams, in his brief statement, admitted that he and the other selectmen made their warrant for the collection of the tax, and that the plaintiff's property was taken by distress for its payment.

But Adams plead the general issue as well as filed his brief statement ; and the general issue imposes upon the plaintiff the burthen of making out his whole case before the matter of the brief statement comes in issue at all. The same is the result where special pleas are pleaded with the general issue. The directions, therefore, as to Adams' liability were right, and he is entitled to judgment for his costs.

A farther exception taken against maintaining this suit is, that the inhabitants of a school district are empowered by statute to raise money merely for " the purpose of erecting, repairing, or purchasing a school house," and that the vote here was to raise one hundred dollars for the purpose of *removing* and repairing the school house ; which, it is contended, is an expenditure not provided for within the statute. But we think this power comes clearly within the authority

to erect and repair school houses. The removing of the house to another place is the erection of it upon a new site, and the placing it in order there is a repair of the building. The general authority of the statute in our opinion fully covers an expenditure of this description.

The exception to the charge of the court, in reference to the change of the plaintiff's domicil, has not been urged in argument. We are of opinion the ruling of the court in that respect was clearly right.

*Judgment on the verdict for the defendants.*