Buzzell *v.* Snell.

## BUZZELL *v.* SNELL.

If the affirmative of any issue joined upon the pleadings is upon the plaintiff, he has the right to open the case to the jury, and to make the closing argument.

An admission, upon another part of the record, of the facts necessary to enable the plaintiff to maintain the issue he is bound to prove, does not change the burden of proof.

The payment of money into court, either with a plea of tender, or upon the common rule, is an admission of the contract declared on, and the defendant cannot take advantage of any variance arising upon the direct evidence of the contract.

If the defendant relies upon payment as a defence, either upon the general issue or a special plea, the burden rests upon him to prove payment; but the affirmative of the issue is upon the plaintiff, upon the general issue, while it is upon the defendant, under the special plea.

ASSUMPSIT. The declaration contained three counts, for the price of a sleigh. One upon an account annexed for $26, the others special. One of these alleged a sale of the sleigh for $26, and a contract to pay for it 275 bushels of charcoal,

of a certain quality, to be delivered at a specified place and time, or to pay $26 in money.

The defendant pleaded the general issue to the whole declaration, except the sum of seven dollars and ten cents, and as to that sum pleaded a tender, and issues were joined.

The court ruled that upon these pleadings the defendant was not entitled to the opening and close in the trial of the case, and the defendant excepted.

The plaintiff offered evidence tending to sustain his special count, and the proof on both sides was that the sleigh was called $26 in the trade, and that the payment was to be 275 bushels of coal, or $26 in money. The defendant did not contend that he had performed the original contract, whatever it was, but endeavored to show that 200 bushels of coal had been delivered and accepted in part payment, the plaintiff at the same time agreeing to receive money for the residue; but upon this point the testimony was conflicting. The court instructed the jury that the plaintiff was not bound to accept the coal, unless it was according to the contract in respect to time, quantity and quality, but he might waive his rights in any, of these particulars; and that after the plaintiff had proved a contract for 275 bushels of coal, or the money, if the defendant would maintain that 200 bushels had been received in payment *pro tanto*, the burden of proof was upon him to show the fact. To this instruction, in relation to the burden of proof, the defendant excepted.

The testimony on the part of the defendant was, that the agreement was for a different quality of coal from that described in the declaration, and that there were some conditions and qualifications of the promise, in addition to those set out in the writ; and thereupon the defendant's counsel argued that there was a variance between the allegations and the proof.

Upon this subject the court instructed the jury that, in consequence of the plea of tender, the defendant was not at

liberty to allege a variance between the contract declared on and that shown by the evidence, in order to defeat the action on the ground of variance; but that in weighing the conflicting testimony, upon the question whether the 200 bushels were accepted or not, they might consider whether the coal was such as they believed from the evidence the contract contemplated. To this instruction the defendant excepted.

No instructions as to interest were given or asked for, but the jury found a verdict for the plaintiff for 28,08.

The defendant moved for a new trial on account of these rulings and instructions, and because the verdict was for more than $26.

*Christie & Kingman*, for the defendant.

I. The plea of tender, and the payment of money under it, into court, admit the cause of action as set out in the declaration. It is regulated by the same rules as a judgment by default. 2 Saund. Pl. & Ev. 680, 837; *Bennett* v. *Francis*, 2 B. & P. 552; 2 Cow. & Hill. Phill. Ev. note 357, p. 467. The plaintiff, therefore, in this case, might take judgment, unless the defendant could make out his defence of payment. The right to begin is then clearly with the defendant. 1 Greenl. Ev. §§ 75, 76, and note 6 to § 81.

II. The only question in the case was whether the 200 bushels of coal had been delivered and accepted, in part payment for the sleigh; and the court ruled that the burden of proof was on the defendant. This ruling was correct as regards this point alone, when taken by itself; but shows that the first ruling, as to the *onus probandi* and the opening and closing, was erroneous and oppressive to the defendant.

III. The court having ruled that the plaintiff was bound to make out his case, and so had the right to open and close, should have allowed the defendant to take advantage of a

variance between the declaration and proof; for if the plaintiff was bound to prove anything, he was bound to prove that the contract he had declared on was the contract actually entered into by these parties. The variance in this case was fatal. 1 Ld. Ray. 735; 1 Saund. Pl. & Ev. 119.

IV. The verdict should have been for the difference between the sum paid into court and $26, the price of the sleigh. The sum paid into court should be struck from the declaration in the same manner as it would be if paid in under a rule. The defendant cannot get back the money paid into court, in any event. 1 B. & P. 332; 2 Stra. 1127.

*Wiggins*, for the plaintiff.

I. The tender conceded only a part of the plaintiff's claim. There were two issues: on non-assumpsit and tender to different parts of the claim, and the plaintiff, therefore, had a right to open and close.

II. The defendant asserted the fact of payment in part; the burden was of course on him to prove the fact in the same manner as if payment was relied on as a defence to the whole claim.

III. The defendant could not set up a variance. When a defendant pleads a tender generally to a special contract, it is an admission of the contract. 3 Steph. N. P. 2099; 7 Johns. 215. Money brought into court upon the common rule, is an admission of the contract declared on. 2 D. & E. 275; 4 D. & E. 579; 4 Esp. Rep. 347; 1 Tidd's Pr. 624; 2 East. 125; 2 B. & P. 550; 2 C. & P. 20; 9 East. 375; 2 M. & S. 106; 1 B. & C. 3. A tender has the same effect. 2 Saun. Pl. & Ev. 527; 2 Taun. 486; 3 Taun. 95. When money is paid into court, the only question is as to the amount of damages. 2 Saun. Pl. & Ev. 680; 2 D. & E. 275; 5 Burr. 2640; 2 Camp. 342; Salk. 597; 2 Stark. Ev. 1027; 2 B. & A. 116.

IV. As to the sum of $7,10, we ask leave to enter a re-

mittitur, which will cure the error, if any exists, in the verdict.

BELL, J. The principal question presented by this case is upon the right, claimed by the defendant, to open the case to the jury, and, consequently, to make the closing argument. The question whether the plaintiff or the defendant has the right, almost necessarily arises at the commencement of the hearing, and before the court can have any opportunity to know any thing of the nature or character of the questions which are to arise upon the trial, except as they are disclosed by the pleadings. The right is, therefore, usually held to depend upon the state of the pleadings. " The party who asserts the affirmative of the issue is entitled to begin and to reply." 1 Green. Ev. § 74. " If the record contains several issues, and the plaintiff holds the affirmative in any one of them, he is entitled to begin." Ib.

This question was considered, and the cases collected and examined, in the case of *Belknap* v. *Wendell*, 1 Foster's Rep. 175. *Gilchrist*, C. J. there lays down the rule thus: " The plaintiff begins and has the right of reply, in all cases where the defendant's pleadings, or any part of them, deny the whole or any part of the plaintiff's pleadings, so as to leave any affirmative allegation on his side to be established by proof." " And this (he says) is uniformly the case, unless the defendant, by the form of pleading, admits the plaintiff's right of action, but for the cause which he sets up in his plea, no proof in such case being required on the part of the plaintiff." This rule is in accordance with the practice in this State. We are not aware that there has ever been any difference of ruling in the common pleas, or of decisions in this court, or that any exception has ever been admitted in this respect.

This case comes clearly within the rule in *Belknap* v. *Wendell*, since the affirmative of one of the issues is upon the plaintiff. Two pleas are filed. The first is the general issue

as to all the plaintiff's claim, except the sum of seven dollars and ten cents. Upon this issue, it is the duty of the plaintiff to go forward, and introduce proof of the facts alleged in his declaration; and if he does not, the case of course must end in a nonsuit. Before this is done, he cannot call upon the defendant to take any step in the cause.

The second plea alleges a tender as to seven dollars and ten cents. Upon this the burden of proof is upon the defendant. But it is suggested that as a plea of tender is an admission of the plaintiff's cause of action, as set forth in his declaration, this has the effect, substantially, to change the issue upon the first plea. We do not so regard it. The right, by the rule in *Belknap* v. *Wendell*, depends upon the form of the pleading, and is determined by the fact that the affirmative of one of the issues is upon the plaintiff, and this is in no way affected by the circumstance that the plaintiff has greater or less facilities for making the required proof. Any material fact may be proved by the admissions of the adverse party; and it does not change the burden of proof upon the pleadings, that the defendant has admitted the claim, which he formally denies by his plea. Nor is it in any way material in what form the admission is made, so long as he chooses to deny it upon the record, and join issue upon it.

The admission is evidence of a matter of fact, to be decided by the jury, and the plaintiff, to sustain his case, must lay that evidence before them. In this respect, the admission of the contract declared upon, implied from the payment of money into court, stands upon the same ground as the admission of the signature of a written instrument declared upon, resulting from a neglect to give notice upon the docket of the denial of such signature, according to the general rule of the court. In actions upon promissory notes, the proof of the signature of the instrument is all that the plaintiff is required to make, upon the general issue; and this is admitted under the rule by the want of notice of a

denial, upon the docket. It has never occurred to any one to imagine that this admission changed the burden of proof upon the general issue, or gave to the defendant a right to begin and to reply.

This question, substantially, arose in the case of *Gump* v. *Smith*, 11 N. H. Rep. 48. The general issue was pleaded, with a brief statement. A fact, necessary to be proved by the plaintiff, was admitted by the statement. But the court held that the general issue imposes upon the plaintiff the burthen of making out his whole case, before the matter of the brief statement comes in issue at all; and the same, the court say, is the result where special pleas are pleaded with the general issue. This decision is but a recognition of the common principle, that where several pleadings are filed, they are to be tried precisely as if each was pleaded alone; and the admissions, expressed or implied, in one plea, cannot be used as evidence against the party upon other issues. *Cilley* v. *Jenness*, 2 N. H. Rep. 89; *Chapman* v. *Sloan*, 2 N. H. Rep. 467.

The plea of tender is of course not evidence upon the general issue for any purpose, but the independent fact of the payment of money into court with the plea of tender, is an admission of the contract declared on; but this fact is to be proved by the plaintiff, like any other admission. Upon the pleadings in such case, nothing appears which changes the ordinary effect of the general issue.

The question presents itself under an entirely different aspect from that it would have had, if the defendant, instead of pleading the general issue, had pleaded what seems to have been his true defence, either payment or a delivery and acceptance *pro tanto* of coal, of a different quality, and perhaps at a different place. In that case, the burden of proof upon both pleas would have been upon the defendant, and the right to begin and close, would have belonged to him. This would have been apparent at once upon the record, but upon the general issue, it cannot appear that the

defence is payment or its equivalent. Nor does it seem to us that it can ever be desirable to substitute for the simple inquiry by which the courts now determine the right to begin,—the form of the issues,—any inquiries as to what are the real points in controversy.

The second point raised by the exception, as to the duty of the defendant to prove the defence of payment, if he relies upon it, is admitted by the defendant to have been correctly decided in itself; but it is insisted upon to show the incorrectness of the ruling as to the right to open and close. It surely could not be expected that the court would hold that the plaintiff was bound to prove the defendant's plea, nor that it was to be taken for granted without proof, or the plaintiff required to disprove it. In our judgment, there was no inconsistency in holding that upon the pleadings, as they were drawn, the burden of proof was upon the plaintiff, and that he was, therefore, entitled to begin and close; and in holding afterwards, when the plaintiff had taken upon himself his defence, that if the defendant relied not upon a denial of the plaintiff's claim, but upon a discharge of that claim by new and independent facts, that the burden was upon him to prove his defence. This point was before the court in *Belknap* v. *Wendell*, where the court say, " The burden of proof may shift during the trial. In a suit upon a written contract, the plaintiff produces his evidence, proves the signature of the defendant, and stops; the defendant then alleges payment, or other matter of defence ; the burden of proof is upon him, and yet the plaintiff opens and closes the argument."

The next exception relates to a variance. The court ruled that in consequence of the plea of tender, the defendant was not at liberty to allege a variance between the contract declared on and that shown in evidence. Both parties agree that a payment of money into court is an admission of the contract declared on, and we think the

authorities cited by both, support the soundness of this ruling.

It is usual to instruct the jury in actions founded on contracts, that they may allow interest, though none is stipulated in the contract, from the time of default in the performance, and no just exception can be made to such an allowance by the jury.

The verdict should have been taken for the balance due, after deducting the amount paid into court; but it is a matter of course to allow the excess to be remitted, and the defect is thereby entirely remedied.

Judgment is to be rendered upon the verdict, when the plaintiff has remitted the amount objected to.