### James Sherman *vs.* Fall River Iron Works Company.

A lessee may maintain an action against one who has laid gas-pipes in neighboring streets so imperfectly that gas escapes therefrom through the ground and into the water of a well upon premises hired and used by him for a livery-stable, and thereby renders it unfit for use, and makes the enjoyment of his estate less beneficial, although the nuisance may have existed in a less degree when the premises were hired; and may recover for the inconvenience to which he has thereby been subjected, and expenses incurred in reasonable and proper attempts to exclude the gas from the well, but not for injury caused by allowing his horses to drink the water after he knew that it was corrupted by the gas.
Non-joinder of a plaintiff in tort can only be pleaded in abatement.

Tort for injuries caused by laying imperfect gas-pipes in streets near premises hired and used by the plaintiff for a livery-stable

by reason of which the gas escaped through the ground and into the water of a well upon the premises, and thereby rendered it unfit for use, and deleterious in its effects upon his horses and business.

At the trial in the superior court, before *Rockwell,* J., the plaintiff's counsel stated that he expected to prove that the plaintiff and Joel F. Rainsford were partners in the business of keeping a livery stable, and lessees under a lease dated November 12, 1857, and to continue until November 1, 1862, of premises in Fall River used for that business, on which there was a well of water; that in September 1858 Rainsford sold his interest in the partnership property and business to the plaintiff, but made no written assignment of the lease, and thenceforth the plaintiff carried on the business alone; that when this sale was made the water in the well was, and at different times before had been, affected by the escape of gas from gas-pipes of the defendants laid in streets near by, and in the winter, spring and summer of 1859 there was a large increase in the escape of gas into the water, so that horses kept by him to board were removed by their owners; that the gas-pipes were of poor materials, and imperfectly laid, and the plaintiff's business was diminished, and his horses injured by drinking the water, and the expense of keeping them increased, and the plaintiff had been subjected to expense in cleansing the well repeatedly, and in cementing it, and that the defendants, though often notified of the injury to the plaintiff, had neglected to use due care to prevent the escape of gas from their pipes.

Upon this statement, the judge ruled that, if the facts stated were proved, the action could not be sustained, and a verdict was returned for the defendants.

The plaintiff alleged exceptions.

*E. H. Bennett & L. Lapham,* for the plaintiff.

*C. I. Reed,* (*J. C. Blaisdell* with him,) for the defendants, cited *Holly* v. *Boston Gas Light Co.* 8 Gray, 123 ; *Hunt* v. *Lowell Gas Light Co.* 1 Allen, 343.

Hoar, J. It may be that the plaintiff is not entitled to recover a considerable part of the damages which he claims, yet the

court can perceive no legal objection to the maintenance of this action.

1. A lessee may maintain an action for a nuisance to the real estate which he occupies, which is injurious to his possessory interest; while the landlord must bring the action for any injury to the reversion. If the nuisance of which the plaintiff complains made the enjoyment of the estate less beneficial, or in any way rendered it expensive or inconvenient, without fault on his part, he is entitled to compensation therefor.

2. Although the nuisance may have existed when the plaintiff hired the premises, it is a continuous nuisance, constantly created and renewed by the manufacture and distribution of the gas; and for this maintenance and renewal of the injury an action lies. Besides; the proof offered was, that the offensive action of the gas was largely increased after the plaintiff's title accrued.

3. The objection that the co-tenant of the plaintiff should have joined in the suit is only available in abatement.

4. If the injury to the plaintiff's horses, and to his business, was occasioned by his own carelessness in allowing the horses to drink the water after he knew that it was corrupted by the gas, the effect would only be to exclude that particular element of damages. He can recover only for the natural and direct consequences of the wrongful act of the defendants, and not for consequential damages which might have been avoided by ordinary care on his own part. But if the loss of the use of the well was in itself an inconvenience, or if he was put to expense in reasonable and proper attempts to exclude the gas from his well, the defendants are not to be protected from responsibility to the extent which these facts would justify, because the plaintiff has negligently permitted other injurious consequences to follow, for which he can have no remedy.

*Exceptions sustained.*