DANIEL B. LEARY *v.* MANCHESTER.

*Thorp & Branch,* by brief, for the plaintiff.

*William H. Craig,* City Solicitor, furnished no brief.

ALLEN, C. J. The city's agreement to build and maintain the ditch imposed the duty of proper and reasonable construction and maintenance. The plaintiff's right to the reasonable enjoyment of his land entitled him to such enjoyment as performance of the agreement would give him. A promised undertaking affecting use is here, if not always, a reasonable one, and the situation produced by non-observance of the promise was properly found unreasonable. The condition found to have been brought about by the city's breach of its agreement was therefore rightly held to be a nuisance, which equity has jurisdiction to order abated. *Lane* v. *Concord,* 70 N. H. 485, 489; *Roberts* v. *Dover,* 72 N. H. 147, 153; *O'Brien* v. *Derry,* 73 N. H. 198, 205; *Elliott* v. *Mason,* 76 N. H. 229, 232; *True* v. *McAlpine,* 81 N. H. 314, 315.

No exception was taken to the assessment of damages for loss of pasturage. But the court made an additional allowance for the damage to the plaintiff resulting from the miring of his cattle in the ditch.

Part of this damage was suffered while the plaintiff was a tenant of the farm before he became its owner. This fact, however, does not affect his rights. "A lessee may maintain an action for a nuisance to the real estate which he occupies, which is injurious to his possessory interest; while the landlord must bring the action for any injury to the reversion. If the nuisance of which the plaintiff complains made the enjoyment of the estate less beneficial, or in any way rendered it expensive or inconvenient, without fault on his part, he is entitled to compensation therefor." *Sherman* v. *Company,* 84 Mass. 524, 526. See also Anno., 8 A. L. R. 611.

The ditch was designed to be ten feet in width, but in many places the width was much less. The plaintiff pastured his cattle on both sides. As is inferred, no fencing along the sides was at any time erected. The cattle at times roamed into the ditch from its sides. The master ruled that the plaintiff had no right for their entry therein. This ruling was rightly rejected by the trial court. The city had only an easement in the land used for the ditch, and the plaintiff had full rights of ownership subject to the easement. No suggestion is made that it interfered with the easement for cattle to wander in the ditch. The deed conveying the easement con-

tained no provision for fencing by either of the parties to it. No demand by the city that the cattle should be kept out is disclosed by the master's findings, although the city was aware of the miring of the cattle for at least four years before the suit was instituted. A reasonable inference from the findings is that the city consented to the use of the ditch by the cattle.

The plaintiff, having notice of the danger of miring, was not entitled to damages therefrom which were reasonably avoidable by him. If the exception to the court's assessment was intended to present the issue of avoidable consequences, the master's report contains no findings thereon and the evidence before him has not been transferred. Any claim of such consequences therefore cannot be considered.

*Exceptions overruled.*

BRANCH, J., did not sit: the others concurred.

Hillsborough, May 31, 1939. } No. 3068.