Richard P. CROWLEY, individually and
as Trustee of 1035 Mammoth Trust

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION.

Civ. No. 92–315–SD.

United States District Court,
D. New Hampshire.

April 5, 1994.

Dennis N. Perreault, Concord, NH, Richard L. Binder, Boston, MA, for plaintiff.

Simon C. Leeming, Concord, NH, for defendant.

## ORDER

DEVINE, Senior District Judge.

Presently before the court is plaintiff Richard P. Crowley's Rule 60(b)(1) [1] motion for relief from judgment, to which defendant FDIC objects. [2] Plaintiff's motion requests that the court reconsider its decision granting defendant's motion for summary judgment as to plaintiff's claim for breach of the implied covenant of good faith and fair dealing, 841 F.Supp. 33.

---

1. Under Rule 60(b)(1), Fed.R.Civ.P., "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect...."

2. This action has been remanded by the First Circuit to allow this court to consider said motion.

■ Plaintiff claims that Amoskeag Bank breached " 'its covenant of good faith and fair dealing by failing to agree to [his] reasonable proposals to resolve issues concerning the mortgage of the 1035 [South Mammoth Road] Property.' " Order of Dec. 1, 1993 (quoting Proof of Claim at 3). As to said claim, this court previously stated that

"Under New Hampshire law, every contract contains an implied covenant of good faith performance and fair dealing." *Renovest Co. v. Hodges Dev. Corp.*, 135 N.H. 72, 81, 600 A.2d 448, 454 (1991) (citing *Seaward Constr. Co. v. City of Rochester*, 118 N.H. 128, 129, 383 A.2d 707, 708 (1978)). New Hampshire courts "have relied on such an implied duty in three distinct categories of contract cases...." *Centronics Corp. v. Genicom Corp.*, 132 N.H. 133, 139, 562 A.2d 187, 190 (1989). The third category, which is at issue here, encompasses cases dealing "with limits on discretion in contractual performance." *Id.* In such cases, "the obligation of good faith performance ... exclud[es] behavior inconsistent with common standards of decency, fairness, and reasonableness, and with the parties' agreed-upon common purposes and justified expectations." *Id.* at 141, 562 A.2d at 191.

Order, *supra*, at 38.

■ Further, in *Centronics*, the New Hampshire Supreme Court found that the cases addressing discretion in contractual performance illustrated the following common rule:

[U]nder an agreement that appears by word or silence to invest one party with a degree of discretion in performance sufficient to deprive another party of a substantial proportion of the agreement's value, the parties' intent to be bound by an enforceable contract raises an implied obligation of good faith to observe reasonable limits in exercising that discretion, consistent with the parties' purpose or purposes in contracting.

*Centronics Corp. v. Genicom Corp., supra,* 132 N.H. at 143, 562 A.2d at 193.

In opposing defendant's motion for summary judgment, plaintiff failed to submit a copy of the promissory note or of the mortgage and security agreement he had entered into with Amoskeag Bank. Without such evidence, this court found it could not determine that the bank had discretion in its handling of plaintiff's loan in the event of a default.

■ Plaintiff now submits copies of the promissory note, mortgage, and collateral assignment of leases and rents that he entered into with Amoskeag Bank as to the 1035 South Mammoth Road Property. The promissory note states, inter alia, that

[u]pon the occurrence of any of the following specified events, this note shall be in default, and *unless the holder hereof shall otherwise elect,* all indebtedness evidenced hereby or arising herefrom shall, without notice or demand, become immediately due and payable....

Promissory Note dated June 3, 1986 (attached to Plaintiff's Motion for Relief from Judgment) at 1 (emphasis added). Similarly, the mortgage and the collateral assignment of leases and rents each list a number of options that the bank "may" exercise in the event of a default by Crowley. *See* Mortgage dated June 3, 1986 (attached to Plaintiff's Motion for Relief from Judgment) at 11, *and* Assignment dated June 3, 1986 (also attached to Plaintiff's Motion) at 4.

On the basis of said provisions, the court finds that the loan agreements between the parties as to the 1035 South Mammoth Road property vested Amoskeag Bank with a degree of discretion in handling an event of default by plaintiff. The court further finds that a genuine issue exists as to whether the bank's exercise of that discretion in this case amounted to a breach of its implied covenant of good faith and fair dealing.

### Conclusion

For the reasons set forth herein, Plaintiff's Motion for Relief from Judgment (document 32) is granted. The court vacates its previous grant of summary judgment in defendant's favor as to plaintiff's claim of breach of implied covenant of good faith and fair deal-

ing. Accordingly, this action shall move forward as to said claim.

SO ORDERED.