## FOLSOM *v.* PLUMER.

In a suit upon a note drawing simple interest only, the law does not authorize making a rest at the date of the writ and adding the interest to the principal and then casting interest upon the whole amount from that time, but the interest is to be cast from the date of the note to the time of the verdict.

Therefore, in a suit upon such a note, if an off-set be filed by the defendant, of later date than the note, but of larger amount, it may happen that the plaintiff may have a good cause of action and a balance due him at the date of his writ; but if the action is continued in court for a time, the balance may become due to the defendant by operation of law, and the accumulation of interest.

As it is the province of the jury to weigh the testimony of witnesses and determine its effect, it is competent for the court, when a contract is verbal and there is doubt as to the precise language used or as to the understanding of the parties, to submit the question to the jury as to what language was used and how it was understood; to find what contract was made, subject to proper instructions as to the legal effect of such contract as they shall find to have been made.

ASSUMPSIT on a promissory note of the defendant, dated September 21, 1851, for $82,66, payable to one Blaisdell, or order, in six months from date, with interest, and by him indorsed to the plaintiff in March, 1858, before the suing out of plaintiff's writ, which was dated March 19, 1858. Plea, the general issue, with a brief statement, under which the defendant defended on the ground that the note had been paid; and, also, that the note was still the property of Blaisdell, and that he was the real plaintiff, against whom he claimed to have a set-off. The defendant introduced evidence tending to show that Blaisdell had been the owner of the note from the time it was given, and still was so in fact.

March 13, 1854, the defendant recovered a judgment against Blaisdell for $545,50 in this county. In January, 1858, the defendant, having brought suit upon this judgment and attached Blaisdell's property, met Blaisdell, and the defendant introduced evidence tending to show that on this occasion he claimed of Blaisdell that the latter was owing him the amount of that judgment, and interest, a sum of $50 for money lent, and also $61.71 on account of another transaction; that Blaisdell claimed that the defendant was owing him the note in suit, also a note dated November 19, 1851, for $14.28, payable on demand, with interest, and also $305 on account; that after some negotiations they agreed to settle, and that each should allow these claims of the other, and that the notes, together with the difference between the other claims described, should be applied on the execution, and that the balance due after allowing their respective claims should be secured; and that the defendant should discontinue his suit and relinquish his attachment, which he then did. The notes were present on that occasion, but were not given up to the defendant; the execution issued on the judgment was not present, and it did not appear that the defendant ever indorsed any thing on the execution, or that there was any further settlement after this interview. The judgment was not filed in set-off in this case. Under the set-off the defendant introduced evidence tending to show that Blaisdell was indebted to him for $50, money lent, and also for $61.71 on account of another transaction, each occurring several years prior to January, 1858; but there was no evidence of any demand on Blaisdell, by the defendant, for either of these sums prior to January, 1858.

The defendant claimed that the note in suit was paid in January, 1858, by the transaction at that time. All the material evidence bearing upon this matter of payment is stated in the case. In regard to the claim, the court instructed the jury that if an agreement was then made between Blaisdell, then owning the note, and the defendant, by which the note should then be paid by then offsetting certain claims of the defendant against Blaisdell, which were themselves then to be paid in whole or in part by being so applied, that is, if this note was agreed to be then settled and paid by then allowing certain claims of the defendant in satisfaction of it, this would be a payment of the note; but if the agreement was that the parties would thereafter make such a settlement, that would not be a payment of the note. No exception was taken to the instructions of the court until after a verdict was returned for the defendant by the jury, when the plaintiff moved to set the same aside and for a new trial, alleging the following reasons: "Because the question of payment was submitted to the jury, and because the verdict is against the evidence;" and the questions of law were reserved.

*E. A. Hibbard*, and *Whipple*, for the plaintiff.

This is a plain case of an executory agreement which was never executed—an "accord" without "satisfaction." "An accord, to constitute a legal bar to an action, must be full, perfect, and complete." *Clark* v. *Dinsmore*, 5 N. H. 136. That the evidence in this case falls short of a defense, see *Ranlet* v. *Moore*, 21 N. H. 338; *Woodward* v. *Miles*, 24 N. H. 293; *Rochester* v. *Whitehouse*, 15 N. H. 473. For a parallel case, and decisive of this question, see *Carey* v. *Bancroft*, 14 Pick. 315. The agreement to settle may or may not have been binding on Blaisdell so as to subject him to an action for refusing to comply, but an action for damages is the only remedy. See *Hanover* v. *Weare*, 2 N. H. 133. And in order to entitle himself to maintain such an action, it was necessary for Plumer to comply or offer to comply on his part. The objection is, not to the manner in which the court submitted the question of payment to the jury, but to the fact that the question was submitted to the jury at all. The plaintiff says there was no question for the jury except upon the set-off; in fact, if there had been no set-off, that a verdict should have been directed for the plaintiff. There must evidently be a new trial granted, if the court should be of the opinion that the jury, upon the evidence, were not authorized to find the note paid. It will be said that the jury may have found for the plaintiff upon the matter of payment, and allowed enough upon the set-off to meet the note and interest; but the jury could not legally do this. The earliest possible day to commence computing interest on the set-off is January 1, 1858, making due at the date of the writ $113.18, while there was due at that time upon the note $114.87. The plaintiff, therefore, had a cause of action when the suit was commenced to the extent of at least $1.70 above the set-off, and if the note was the largest then, it must of course remain the largest as long as the action continues in court. The verdict was therefore clearly against the evidence.

*Hutchinson*, and *Stevens & Vaughan*, for the defendant.

SARGENT, J.    The argument of the plaintiff's counsel, that if the plaintiff's note and interest, at the date of the writ, amounted to more than the defendant's off-set and interest to the same date, that his claim must of course remain the largest as long as the action continues in court, is incorrect upon the facts in this case.  His reasoning would hold good if compound interest were to be reckoned upon both demands; or if the law authorized the making of a rest at the date of the writ, and adding the interest to the principal at that time, and then casting interest upon the whole amount from that date, either simple or compound.    But we know of no authority for making any such rest in computing interest upon a note drawing simple interest only.    On the contrary, juries are always instructed, in assessing damages, where the claim is a promissory note, to cast the interest on the note from its date to the time of verdict, and that this interest, added to the face of the note, is the proper measure of damages.

The plaintiff's note, in this case, only draws simple interest, and assuming the computations in the argument to be correct, and that the balance due the plaintiff at the date of his writ, or at the first term of court, was $1.70, and that a jury would have given him that balance at that time, yet, remaining in court four years, from March 1858 to March 1862, and then being tried, if the jury found on each item precisely as before, the balance must be some five dollars or over in favor of the defendant.    It is, therefore, highly probable that the jury did not arrive at their verdict by allowing the claims on both sides, not for the reason assumed by the plaintiff, but directly the opposite ; not that if they had decided in that way the verdict must have been for the plaintiff for a balance of $1.70, or thereabout, with interest, but because they must in that way not only have found for the defendant, but have allowed a balance of $5, or thereabout, in his favor.

It may not be material in this case to inquire whether the exception, that the question of payment was submitted to the jury, was seasonably taken, or whether, not being taken seasonably, it must be considered as having been waived, because we think that, admitting the exception to have been taken seasonably, it could not avail.

*Carey* v. *Bancroft,* 14 Pick. 315, which is cited by the plaintiff as a parallel case, and decisive of the present, was where the plaintiff claimed that a note offered in set-off, by the defendant, had been paid by an agreement that it should off-set so far, and should be allowed in payment of a larger note which the defendant gave the plaintiff; but it was proved that the plaintiff, had, after such agreement to off-set, sold and transferred his note against the defendant, and the defendant had paid the same.    The court held that after that the plaintiff should not be heard to claim that the contract was executed and application actually made, but that it was to be taken to be executory and never executed.

In the case before us, the defendant has done nothing with his claims inconsistent with his present position ; he has neither sold nor attempted to collect them.    When he was sued on this note he filed enough of them in off-set to meet the claim made against him,

but at the same time he testifies that they were all alike included in the agreement or settlement that was made. No objection is made to the ruling of the court or the instructions to the jury, provided there was any evidence competent to be submitted to the jury, tending to prove payment of the plaintiff's note. Now the evidence tended to show that at the meeting between the defendant and Blaisdell, each claimed large demands against the other, the defendant's claim, including his execution, being the largest, and that after some negotiations, "they agreed to settle, that each should allow these' claims of the other, and that the notes, together with the difference between the other claims described, should be applied on the execution, and that the balance due after allowing their respective claims should be secured, and that the defendant should discontinue his suit on the execution, previously commenced, and relinquish his attachment on Blaisdell's property, which he then did." The notes were present but not given up; the judgment was not present, and nothing was ever indorsed on it and nothing more done.

Did this agreement to settle constitute the settlement itself, or was it to be at some other time? Was the settlement and off-setting of claims agreed to there as made and executed, or was it an agreement as to what should be done in the future? We think it might have been either; that it is not absolutely certain, from the evidence as stated, which was meant, and that this question was properly submitted to the jury. As it is the province of the jury to weigh the testimony of witnesses, and determine its effect, so it is competent for the court, in its discretion, where a contract is merely verbal, and there is doubt as to the precise language used, or as to the understanding of the parties, to leave it to the jury to judge what is proved, and what language was used, and how it was to be understood, subject to proper instructions as to the legal effect of such contract as they may find to have been made. *Demming* v. *Foster*, 42 N. H. 165.

While on the one hand it is evident that the security for the balance was not given then, and never has been since, from which it might appear more probable that the whole agreement was to be performed in the future, and had never been executed, yet the fact that the defendant thus discontinued his suit upon his judgment, and relinquished his attachment on Blaisdell's property, looks very much as though the understanding was that the application had been already made, and the agreement executed. He was only to do this when the off-set of claims was made in payment of each other, and the fact that he then relinquished his security and dropped his suit would tend to show that he at least understood that the application of the claims in payment of each other had been made, and that they were all to be treated thereafter as paid and discharged so far.

This question having been properly submitted to the jury as we think, we can not regard it as a case where, upon the authority of *Wendell* v. *Moulton*, 26 N. H. 41, we are called upon to set aside the verdict as being against the evidence.

*Judgment on the verdict.*