Merrimack, } No. 3627.
Feb. 4, 1947.}

HAROLD L. EASTMAN *v.* SAUL WAISMAN *doing business as*

CY'S AUTO PARTS & USED CAR COMPANY.

*Murchie & Murchie* and *Peter J. King* (*Mr. Alexander Murchie* orally), for the plaintiff.

*Osgood & Osgood* (*Mr. Anson G. Osgood* orally), for the defendant.

KENISON, J.   Plaintiff claims the record raises no question of law relying on *Head & Dowst Co.* v. *Breeders' Club*, 75 N. H. 449, 450: "that a party cannot question the sufficiency of evidence to support a verdict or material issue in a case by motion after the case has been submitted to the court or jury, or by an exception to the verdict."

This represents the usual practice in this state and has been followed generally. Hening's Digest, 1242; *Bacon* v. *Thompson*, 87 N. H. 270; *Pflug* v. *Pflug, ante*, 134.

This rule has certain limitations and exceptions which, however, do not benefit the defendant. "But this rule does not apply to an issue as to the adequacy or excessiveness of an assessment of damages": nor to "questions of law, apparent upon the face of the findings and rulings filed." *Freeman* v. *Pacific Mills*, 84 N. H. 383, 385. The rule "has frequently been relaxed in cases tried by the court," particularly where the hearing is designed to secure a ruling of law on a single question before the court. *Plante* v. *Shortell*, 92 N. H. 38, 40.

Applying the rule in non-jury cases, this court has frequently given a brief alternative reason for its holding. *Erisman Co.* v. *Company*, 87 N. H. 483, 484; *Association Canado-Americaine* v. *Marquis*, 90 N. H. 125, 127. *Cf. Rickle* v. *Mills*, 93 N. H. 191, 195; 501 Briefs & Cases 439-442. While this discretionary practice cannot be always relied on by the parties it does have the advantage of disposing of cases on their merits. "Rules of practice and procedure shall be tools in aid of the promotion of justice rather than barriers and traps for its denial." *Lewellyn* v. *Follansbee, ante*, 111, 114.

Assuming in this case that the Trial Court intended to give the defendant the benefit of an exception to the sufficiency of the evidence to support the findings, the defendant's position would not be improved. The Court was not compelled to give full credence to the defendant's uncontradicted testimony that his agents had authority to give only a warranty for one half the cost of the repairs. *Bill* v. *Company*, 90 N. H. 453. The evidence was likewise uncontradicted that the plaintiff asked for and received from the defendant's sales manager a full thirty day warranty. The Court was justified in believing plaintiff's evidence and in rejecting defendant's evidence that a mistake was made in giving the warranty the plaintiff received. The plaintiff had no notice of any limitations, if such existed, on the apparent authority of the sales manager to deliver such a full warranty. *Portland Motor Sales Co.* v. *Millett*, 124 Me. 329. The record supports the Court's findings.

*Judgment on the verdict.*

All concurred.