Grafton,
May 2, 1950. } No. 3907.

BRUCE GODDARD, *Adm'r v.* MAUDE HAZELTON.

*Cotton, Tesreau & Stebbins (Mr. Stebbins* orally), for the plaintiff.

*Fred P. Carr* and *Josiah K. Adams, Jr. (Mr. Adams* orally), for the defendant.

JOHNSTON, C. J.   No claim is made that there was any gift of the bag of money to the defendant, either in anticipation of death or otherwise.

The defendant admitted on the stand that the money was given to her for safe keeping, either to be returned to the mother or paid out on her instructions. This constitutes a bailment. Since there was no provision for any payment to the defendant for her services as bailee, the bailment was gratuitous.

Under these circumstances the duty of the defendant is defined in the following quotation, which relates to a gratuitous bailee: "Every bailee, of this description, is bound to render, upon request, a full account of his proceedings to show that the trust has been duly performed, or, if it has not been performed, to offer a justification, or legal excuse for non performance, and to make restitution of the property where the same is to be restored, or where the mandate is not complied with." *Graves* v. *Ticknor*, 6 N. H. 537, 540.

In so far as the plaintiff's motion relies upon the grounds that the verdict was against the law and against the evidence, no question of law is presented to this court. "The motion to set aside the verdict as against the law and the evidence presented no question not raised by special exceptions taken seasonably during the trial. (*Shea* v. *Manchester*, 89 N. H. 547, 549, and cases cited). *State* v. *Proctor*, 91 N. H. 347." *Ayers* v. *Gordon*, 94 N. H. 30, 32. See also, *Eastman* v. *Waisman*, 94 N. H. 253, and cases cited.

The reason advanced for setting aside the verdict that it was against the weight of the evidence raises the issue of whether there was a preponderance of evidence that the defendant did not return the money to her mother or pay it out on her instructions and whether it was so great that it appeared clearly and definitely that the Court was misled, or failed to consider intelligently the evidence before it. *Wisutskie* v. *Malouin*, 88 N. H. 242, 246; *Condiles* v. *Waumbec Mills*, 95 N. H. 127. The defendant testified that she paid her mother's medical and other bills, that her mother "had most of the money with her" and "bought what she wanted to," that she took money over to her sister when told to by her mother, and that her mother gave her money at times when she felt like it and the defendant wanted it. Finally, the defendant testified as follows: "Q. You claim she used all the money which she had in your safe? A. Yes, except the bank book which I turned over to you." The expenses of the last illness and for the funeral were paid by the sister with the mother's money.

It is a fair inference that for over two years, the mother and her two daughters with the former's permission used the deposit more or less freely. There is no evidence of any dissatisfaction on the part of the mother and no improper uses of the deposit have been traced.

It was not an express term of the bailment that records be kept of the disbursements and there was no evidence of custom from which such duty can be implied. In the absence of such provision and evidence and under the informal arrangements of this family, the law will impose no such obligation. *Barnett* v. *Kemp*, 258 Mo. 139, 161; *Rich* v. *Austin*, 40 Vt. 416, 433-435. Many of the answers of the defendant were unsatisfactory because of their vague generality and her forgetfulness but over four and a half years elapsed before suit was started.

It is not clear and definite that the Court fell into a plain mistake or failed to consider intelligently the evidence of the case.

*Exception overruled.*

All concurred.