JONATHAN NIXON *v.* BURT R. COOPER, *Adm'r & a.*

*Paul B. Urion* (by brief and orally), for the plaintiff.

*Cooper, Hall & Cooper* for the defendant administrator, filed no brief.

*Hughes & Burns* and *Donald R. Bryant* (*Mr. Bryant* orally), for the intervenors.

DUNCAN, J. No exceptions to the decree or to the findings or rulings of the Superior Court are before us. While the reserved case recites that exception was taken "by the filing of a proposed reserved case," the exception thus taken is not set forth and no "proposed reserved case" is contained in the record. Exceptions are not

properly taken by reserved case or bill of exceptions. These are merely instruments by which exceptions previously taken may be presented to this court; and a general exception to a decree even when taken in the proper way is of doubtful avail in this court. See *Carter* v. *Savings Bank,* 70 N. H. 456; *Hancock* v. *Shea,* 78 N. H. 590; *Cook* v. *Sargent,* 78 N. H. 25; *Eastman* v. *Waisman,* 94 N. H. 253.

The findings and rulings of the Trial Court find support in the evidence. The testimony that the decedent sought and obtained permission from the plaintiff to make the withdrawal from the joint account might have been taken as evidence that the plaintiff's interest in the withdrawal was to remain unchanged and that the withdrawal was not made in the exercise of the right conferred upon the decedent by the written declaration filed with the bank. Yet such a finding was not compelled. The withdrawal was not made by the parties jointly, but in the name of the decedent alone, to whom the money was paid. It was deposited with the clerk of court in exchange for a receipt running to both parties which disclosed no intention to create or preserve a joint tenancy. This was evidence which warranted a finding that their interests became those of tenants in common. See *Burns* v. *Nolette,* 83 N., H. 489, 495; *Pierce* v. *Baker,* 58 N. H. 531.

The plaintiff's exception to the exclusion of his testimony that "at the time [he] signed the bond" there was no "agreement with respect to the return of that money to [the] joint account" cannot be held to present prejudicial error. There is no occasion to determine the admissibility of evidence of an agreement that it should be so returned, since the plaintiff's testimony was that there was no such agreement. Conversation which he may have had with the clerk of court with respect to the use to be made of the funds could not have affected the nature of his title as against the decedent, and was properly excluded. If the principle that a trust results by operation of law in favor of one who furnishes consideration for a purchase (*Smith* v. *Pratt,* 95 N. H. 337; *Hatch* v. *Rideout,* 95 N. H. 431) had any application, the decree entered gave adequate effect to it by decreeing to the plaintiff an interest coextensive with what his contribution was found to be.

*Exceptions overruled.*

All concurred.