Hillsborough,
No. 4441.

## LEONARD G. VELISHKA *v.* FLORETTE LAURENDEAU.

Argued November 2, 1955.

Decided December 6, 1955.

*Albert Terrien* and *Karl E. Dowd* (*Mr. Dowd* orally), for the plaintiff.

*Clancy & O'Neill* (*Mr. Clancy* orally), for the defendant.

GOODNOW, J. The breach of the lease on account of which the plaintiff seeks possession of the premises is the nonpayment of the January 1954 rent. His claim turns upon the question of whether all or any part of that rent is due and owing to him. When real estate subject to a lease is transferred by the lessor, his grantee is not entitled to maintain statutory proceedings to oust the tenant for nonpayment except on account of rents as to which he has the

right of collection. 32 Am. Jur., Landlord and Tenant, s. 1018, p. 853.

In returning a verdict for the defendant, the Trial Court presumably found that the plaintiff had not established a right to any part of the January 1954 rent. See *Lincoln* v. *Langley*, 99 N. H. 158, 159. The plaintiff's exception to the denial of his motion that the verdict be set aside "as against the weight of the evidence" presents the limited question of whether the Court in so finding was misled or failed to consider reasonably the evidence. *Condiles* v. *Waumbec Mills*, 95 N. H. 127, 128; *Bennett* v. *Larose*, 82 N. H. 443, 447, 448. The exception based upon the claim that the verdict was "against the law" and "against the evidence" raises no question of law "because none was previously saved." *Condiles* v. *Waumbec Mills, supra,* 128; *Stabrow* v. *Stabrow*, 96 N. H. 74.

A tenant who has agreed to pay rent on certain specified dates during the term of a lease becomes obligated thereto when the day of each such payment arrives. See *Quinn* v. *Madigan*, 65 N. H. 8. The owner of the property, or the person having the status of landlord, on the date the rent becomes due, is the one entitled to the rent. *Russell* v. *Fabyan*, 28 N. H. 543; 52 C. J. S., Landlord and Tenant, ss. 512, 516, pp. 318, 320. He is the person to whom the tenant becomes obligated. The subsequent transfer of the real estate subject to the lease does not carry with it any right to accrued rents then unpaid. *Shell Petroleum Co.* v. *Jackson*, 77 F. (2d) 340. These belong to the person who was the landlord at the time of their accrual and not to the grantee, unless assigned to him. *Burden* v. *Thayer*, 3 Met. (Mass.) 76, 79, 80; 52 C. J. S., Landlord and Tenant, s. 518, p. 321; 32 Am. Jur., Landlord and Tenant, s. 442, p. 360; see *Smith* v. *Wetherell*, 89 N. H. 106. Nor is the rent apportionable in respect of time between the grantor and grantee when the transfer occurs during the rent period, unless by agreement. *Cashman* v. *Dumaine*, 85 N. H. 467, 468. It belongs to the one owning the reversion on the date the rent becomes due, whether payable at the beginning or the end of the period. Anno. 126 A. L. R. 12, 43, 51.

Under the terms of her lease, the defendant was obligated to pay the rent for January 1954 on the first day of that month. On that date she became indebted to Ledoux, the then owner of the premises, for that month's rent. Ledoux' deed to the plaintiff dated January 4, 1954, contained no assignment of the past due January rent but merely conveyed "any and all rights which he

may have in and to a leasehold" of the premises in question. See anno. 44 A. L. R. 1275. By it the plaintiff acquired neither the right to collect the full amount of this rent nor that part proportioned to his ownership during January.

The plaintiff suggests that Ledoux' action in returning the defendant's check in payment of the January rent and informing her orally that "he wouldn't have anything to do with the check and Mr. Velishka is the owner" clearly established his right to the January rent. Ledoux, however, did not endorse the check or forward it to Velishka as he might have done if it was his intention that the January rent be assigned to him, but returned it unendorsed to the defendant. The fact that no claim has since been made by Ledoux is not determinative. He is not a party to this action nor did he testify during the trial. No written direction for payment of the January rent nor assurance that he would make no claim for it has ever been given to the defendant by Ledoux.

The evidence in support of the plaintiff's claim that an assignment of the January rent was made to him was not of such a preponderance "that everyone must find in his favor" (*Stabrow* v. *Stabrow*, 96 N. H. 74, 75) nor is there any clear or definite indication that the Court acted improperly in considering the evidence or was in any way misled.

*Judgment for the defendant.*

All concurred.