Hillsborough,
No. 4522.

GROVER C. GOVE

*v.*

R. WAYNE CROSBY, *Adm'r, d. b. n. & a.*

Argued December 4, 1956.

Decided December 31, 1956.

*Robert D. Branch* (by brief and orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Wadleigh* orally), for the defendant.

BLANDIN, J. The defendant argues that since the plaintiff took no exceptions during or after the trial except to file his bill of exceptions, no issues are before this court. *Nixon v. Cooper,* 97 N. H. 327. While it is true as a general rule that exceptions not previously saved cannot be relied upon here, the rule has often been relaxed, particularly in court cases where the hearing was designed to secure a ruling on a single question, as the case here (*Eastman v. Waisman,* 94 N. H. 253), or where questions of law are apparent from the face of the record. *McPhee v. Colburn,* 98 N. H. 406. Since an examination of the proceedings discloses that the plaintiff made no binding agreement, as the defendant claims, precluding himself from raising the issue, we shall consider the contention that the Trial Court erred in placing on the plaintiff the burden of proving that Mrs. McNally was living apart from her husband at the time of her death for cause. In this state the burden of proof does not shift (*Cohn v. Saidel,* 71 N. H. 558, 570) though the burden of going forward may do so. *Monroe Loan Soc. v. Nute,* 88 N. H. 13, 16. It is presumed that the Trial Court observed these elementary principles. *McLaughlin v. Union-Leader,* 100 N. H. 367. It follows that the ruling is correct and the plaintiff's exception cannot be upheld.

The plaintiff further argues that the Trial Court was in error in refusing to find that Bertha M. McNally was living apart from

her husband at the time of her death, because this action was opposed to the weight of the evidence. By agreement of the parties prior to the second trial the Court was to consider the evidence introduced at both hearings in reaching a decision and to determine only the issue of whether the decedent was living apart from her husband for cause at the time of her death. We have already held on evidence produced at the first hearing that a finding that the parties were living apart was not precluded under the statute, solely because they were under the same roof, and that condonation was not conclusively established. *Gove* v. *Crosby,* 98 N. H. 469, 473. The evidence introduced at the second hearing requires no different conclusions. However, the Trial Court's refusal to find that the decedent "was living apart from her husband at the time of her death" was warranted because the evidence did not compel such a finding. In the absence of a finding favorable to the plaintiff on this issue, the question whether the living apart was justified by an existing cause for divorce and any related issue of condonation were never reached. The plaintiff's exceptions are therefore overruled. The order is

*Exceptions overruled.*

All concurred.