Rockingham,
No. 6317.

MAYNARD L. YOUNG, JR., & a.

*v.*

JOHN F. PRENDIVILLE & a.

May 31, 1972.

*Griffin, Harrington & Brigham (Mr. Lindsey R. Brigham* orally) for the plaintiffs.

*Upton, Sanders & Upton* and *Sullivan & Wynot (Mr. Frederic K. Upton* orally) for the defendants.

KENISON, C.J.   The principal issue presented in this case is whether a street to Rye Beach was accepted by the public

as a public way or whether it has remained the private property of defendants, abutting land owners.

C Street is one of five streets running from Ocean Boulevard to Rye Beach as shown on a subdivision plan of the land between the boulevard and the beach. Around 1921, the owner filed the plan in the county registry of deeds and thereafter sold lots in accordance with the plan. C Street has never been formally accepted or developed by the municipality as a public way. Today C Street is in part a paved common driveway for the abutting owners and in part a grass lawn divided from the beach by a sea wall.

Plaintiffs, residents of a different development on the other side of Ocean Boulevard, sought an injunction restraining defendants from obstructing passage along C Street to the beach. Plaintiffs alleged both a private right of passage based on prescription or implication from the plan and a public right of passage based on prescription or dedication. The Master (*Leonard C. Hardwick,* Esq.) found that none of the plaintiffs acquired rights in C Street by express grant or by deed reference to any plan showing access to the beach. He found neither a private nor a public right of passage and recommended the petition be dismissed. The Superior Court (*Perkins,* J.) approved the master's decision.

The principal issue that the plaintiffs argue on appeal is whether the land has become public, under RSA 238:7, by dedication. The statute provides: "238:7. Dedicated Ways. Any street, lane or alley within this state which has been dedicated to public use by being drawn or shown upon a plan of lands platted by the owner, and the sale of lots in accordance with such plan, shall be released and discharged from all public servitude unless such street, lane or alley shall be opened, built or used for public travel within twenty years from such dedication." *See Hodge* v. *Manchester,* 79 N.H. 437, 111 A. 385 (1920).

Defendants initially contend that the plaintiffs' failure to except to the master's report or to the superior court's approval of the report prevents them from raising the issue of dedication on appeal. We agree that under *Nixon* v. *Cooper,* 97 N.H. 327, 87 A.2d 687 (1952), review of this issue might properly be denied. However inasmuch as the issue was raised by plaintiffs' requests for rulings of law and inferentially

covered by the master's report, we prefer to consider the case on its merits.

C Street was dedicated to public use in 1921 with the filing of the plan and subsequent sale of the lots. RSA 238:7; *Perrotto v. Claremont*, 101 N.H. 267, 140 A.2d 576 (1958); 6 Powell, Real Property para. 935 (1971). The master found the evidence of public use, as contrasted with use by the abutting owners' tenants, friends, and neighbors, indefinite, at best suggesting an occasional use insufficient to create public rights. Although this finding was principally in response to plaintiffs' primary argument of right by prescription based on use after 1941, it well characterizes the pre-1941 use. We hold such meager evidence of use within 20 years of dedication insufficient for public acceptance of a street under RSA 238:7. *McInnis* v. *Hampton*, 112 N.H. 57, 288 A.2d 691 (1972); *Town of Glenarden* v. *Lewis*, 261 Md. 1, 273 A.2d 140 (1971); *County of Banner* v. *Young*, 184 Neb. 546, 169 N.W.2d 280 (1969); *Hofgesang* v. *Woodbine Avenue Realty Co.*, 414 S.W.2d 580 (Ky. 1967); 11 McQuillin, Municipal Corporations *ss*. 33.50, 33.54 (3d ed. rev. 1964); *see* Note, Public Ownership of Land Through Dedication, 75 Harv. L. Rev. 1406 (1962).

Plaintiffs rely heavily upon *Phillips* v. *City of Stamford*, 81 Conn. 408, 71 A. 361 (1908), which affirmed a trial court's finding that a limited annual summer use by nearby residents of a path to the ocean was sufficient to show public acceptance of dedication of the path. We need not pass on whether *Phillips* represents the law in New Hampshire because the case is clearly distinguishable. Moreover, the evidence in this case suggests less public use and is significantly less definite than in *Phillips*.

The plaintiffs complain of the master's failure to expressly grant or deny certain requests and also to certain evidentiary rulings. We have examined both the requests and the rulings and find no prejudicial error. *See* Traynor, The Riddle of Harmless Error 80-81 (1970).

*Plaintiffs' exceptions overruled.*

All concurred.