Grafton
No. 6418

RAYMOND JOHNSON

v.

PHILIP MARTIGNETTI

November 30, 1973

*Shaw & Eldredge (Mr. Robert Shaw* orally) for the plaintiff.

*David B. Shepatin,* by brief and orally, for the defendant.

Per curiam. By this action of assumpsit the plaintiff seeks to recover the cost of filling a cellar hole on his property in Bethlehem which he alleges the defendant had agreed to fill, provided the plaintiff allowed a third party to whom the defendant had sold certain salvageable materials to first remove them from the cellar hole. There was evidence that the defendant had originally acquired title to the materials from the prior owner of the real estate in consideration of the defendant's agreement to fill the cellar hole. Trial by jury before *Johnson,* J., resulted in a verdict for the plaintiff. Following the verdict the defendant moved to set it aside upon the ground that as a matter of law the alleged agreement between parties to the action was not binding upon the defendant because oral and without consideration and because there was no privity of contract between the parties.

The record of the trial discloses that the defendant made no motion for a nonsuit or for a directed verdict, and saved no exception to the instructions to the jury. At the close of the charge, counsel representing the defendant at the trial sought additional instructions to emphasize the point that if the defendant "only had an agreement with [the prior owner] and did not have a reaffirmation of that agreement, then they should find for the defendant." Additional instructions were then given with which defendant's counsel indicated satisfaction. Thus it appears that the motion to set aside the verdict presented no question of law which had been previously raised at the trial and saved by exception. It follows that the exception to the denial of the motion to set the verdict aside presents no question of law for decision by this court. *Bennett v. Larose,* 82 N.H. 443, 136 A. 254

(1926); *Stabrow v. Stabrow,* 96 N.H. 74, 75, 69 A.2d 863, 864-65 (1949); *Velishka v. Laurendeau,* 100 N.H. 46, 118 A.2d 600 (1955).

*Judgment on the verdict.*