Hillsborough
No. 6738

MANCHESTER EDUCATION ASSOCIATION

v.

CITY OF MANCHESTER & a.

January 31, 1974

*McLane, Graf, Greene & Brown* and *Jack B. Middleton* and *Stephen J. Selden* (*Mr. Middleton* orally) for the plaintiff.

*J. Francis Roche,* city solicitor, by brief and orally, for the defendants.

GRIMES, J. In this petition for declaratory judgment, the plaintiff sought to enforce against the city the provisions regarding sick leave in a contract between the teachers and the school board. The issue in this case is whether a contract between the teachers and the school board regarding sick leave is controlled by a provision of the city charter. Defendant city's exception was transferred by *Loughlin,* J.

The contract between the plaintiff and the Manchester Board of School Committee regarding sick leave reads as follows:

"Teachers will be entitled to fifteen (15) sick leave days each school year, as of this first official day of said school year." The board of mayor and aldermen funded the agreement only to the extent and under the same conditions as leaves of other city employees pursuant to the city charter.

The relevant provision of the charter of the city of Manchester (Laws 1943, 291:1) reads in material part as fol-

lows: "Each permanent employee of the city of Manchester shall be entitled to sick leave with full pay computed on the basis of one and one-quarter working days for each completed month of service. Such sick leaves shall be cumulative for not more than sixty working days and shall not lapse. All employees who have been in the service of the city of Manchester for six years or more on the date of passage of this act shall be considered to have the maximum sick leave to their credit without consideration of such leave as they have had in the meantime. Employees who have been in service less than six years shall be allowed fifteen days for each completed year of service without regard to such leave as they have had in the meantime. Employees shall be required to furnish a certificate from an attending physician for all consecutive days of such leave beyond three days. Employees shall be entitled to their current sick leave as it becomes earned whether they have the maximum sick leave to their credit or not. Sick leave shall not be taken in advance."

After hearing, the court on May 7, 1970, stated that the issue whether the board of mayor and aldermen could renegotiate the agreement was not properly before the court, and made the following ruling: "There is an apparent conflict between Article XVI, see Petitioner's Exhibit A and Chapter 291, Laws of 1943. The Court realizes that this may be a strain on statutory construction, but rules as follows. Teachers will be entitled to fifteen (15) sick leave days each school year, as of the first official day of said school year provided that prior to the first official day of said school year, they had twelve months of completed service, including the months of July and August, with a maximum limit of sixty (60) days. The Court makes no further findings."

No exception was taken to these rulings, but on January 29, 1973, plaintiff filed a motion for clarification of the previous ruling, a dispute having arisen as to whether a teacher with a long period of service who had undergone major surgery, and who had used all but nine days accumulated sick leave was on the first day of the school year, entitled to an additional 15 days as of the first day of the school year or whether, as contended by the city, she was entitled to only nine days plus 1-¼ days pay for the month of September.

The court then made the following clarifying order: "Court clarifies said order as follows. Teachers who have taught more than one year, there is available to such teacher as of the first day of school in any given school year, fifteen days of sick leave, plus any accrued sick leave from the prior year. Defendant's exception noted."

The city contends that the charter provisions that sick leave shall be computed on the basis of 1-¼ days for "each completed month" and that "sick leave shall not be taken in advance" prohibit the school board from contracting to make the full 15 days available as of the first day of the school year. The plaintiff contends that the charter provision imposes only a minimum sick leave requirement on the city, giving employees that much sick leave as of right, but that it does not prohibit the city from giving more than it is required to give. We agree with the plaintiff.

The city could have provided for sick leave for its employees without a provision being added to the charter. The passage of Laws 1943, 291:1 would be necessary only to guarantee that city employees would receive no less than the statute provided. The provisions of the charter, Laws 1943, 291:1, do not impose any prohibition on the city's right to contract for greater sick benefits and the limiting language applies only to the minimum sick leave which the charter requires. The trial court was not in error, therefore, in ruling that the terms of the contract providing that teachers would be entitled to 15 days sick leave as of the first official day of the school year was controlling.

No exception was taken to the trial court's 1970 ruling that the issue whether the board of mayor and aldermen could renegotiate the contract was not before the court, and we find no reason to consider it at this time. *Nixon v. Cooper,* 97 N.H. 327, 87 A.2d 687 (1952); *cf. Young v. Prendiville,* 112 N.H. 190, 291 A.2d 602 (1972).

*Exception overruled.*

GRIFFITH, J., did not sit; DUNCAN, J., dissented; the others concurred.