Rockingham
No. 7486

JACOB CIBOROWSKI

v.

RICHARD ROBINSON

RICHARD ROBINSON, d.b.a.
ROBINSON CONSTRUCTION CO.

v.

JACOB CIBOROWSKI

November 30, 1976

*Shaines, Madrigan & McEachern* and *Gregory D. Robbins (Mr. Robbins* orally) for the plaintiff Ciborowski.

*Brown & Fitzpatrick (Mr. James J. Fitzpatrick* orally) for the defendant Robinson.

PER CURIAM. This is an action for rent due for use of the plaintiff's land with a counterclaim for services rendered in clearing the land and adapting it for parking. Trial by *Douglas,* J., resulted in a net verdict for the defendant in the amount of $640. The trial court reserved and transferred the plaintiff's exceptions.

The facts show that the defendant Robinson expended considerable effort to clear the land and that beginning in the summer of 1970, it was used for parking purposes. Shortly thereafter, the

plaintiff began to demand from Robinson monthly rental payments of $50. The defendant refused such payments and the dispute over a rental agreement stretched over the years. Finally, in either the autumn of 1973 or 1974 (the time is in dispute) the defendant quit the premises at the plaintiff's request.

The plaintiff claims the defendant was under an obligation to clear the tract and in addition thereto pay a monthly rental of $50. No special compensation was to be paid for the clearing which work plaintiff claimed was minimal in nature. The plaintiff later testified that "maybe the deal was that I would let him have one year free."

The defendant testified as to his understanding that credit of one year of rent-free use was to be given for his services beginning after the site was readied for occupancy. He further claimed no rental agreement was reached as to the rent to be paid after the first year's free use.

The Court *(Douglas,* J.) found the reasonable value of the defendant's services in adapting the land for parking to be $2,040. It further found that from June 1, 1970, the defendant could use the land cleared free of charge and that no rental agreement was reached for the period subsequent to June 1, 1971, as "there was no meeting of the minds thereafter," and thus no contract. Rent was awarded the plaintiff from June 1971 to October 1973 at the fair rental value of $50 per month for a total of $1,400.

There was evidence to support the trial court's finding that the defendant quit the premises in October of 1973 rather than October of 1974 as claimed by the plaintiff. Accordingly, the finding of the trier of facts must stand. *Hardware Mut. Cas. Co. v. Hopkins,* 106 N.H. 412, 417, 213 A.2d 692, 695-96 (1965); *Neilsen v. Dept. of Empl. Security,* 113 N.H. 642, 644, 312 A.2d 708, 710 (1973); *Spectrum Enterprises, Inc. v. Helm Corp.,* 114 N.H. 773, 777, 329 A.2d 144, 147 (1974).

The plaintiff argues that the court's decision entitling the defendant Robinson to offset the value of his clearing work is inconsistent with its decision that the defendant was entitled to use the tract rent free for a year because by his own account the rent-free use of the land was meant to be the exchange for the clearing operation.

The trial court granted the defendant's requested ruling 4 to the effect that an agreement had been made "whereby the plaintiff would allow the defendant to use the plaintiff's land rent free

for one year upon clearing." Although the court stated in its decree that request 4 had been granted only "to the extent consistent with the Court's decree," and reiterated this caution in response to the plaintiff's motion to set aside the verdict, the fact remains that the award, inasmuch as it actually granted one year of free rental time, represents an unqualified granting of this request.

The trial court also granted defendant's requested ruling 1, that if the court found a rescission of the contract the defendant was entitled to charge the value of his services as though "no contract had been made." The decree allows the defendant to recover for his labor and materials as if no agreement existed and then credit is given him for one year free rental as though the agreement did in fact exist. Because this would appear to be double recovery the findings and verdict of the trial court are remanded for review of its award.

*Plaintiff's exceptions sustained in part; remanded.*

BOIS, J., did not sit; the others concurred.