850

Rockingham
No. 7558

IAFOLLA INDUSTRIES, INC.

v.

CURRAN-COSSETTE CONSTRUCTION CORPORATION

December 30, 1976

*Boynton, Waldron, Dill & Aeschliman* and *Ralph R. Woodman, Jr.,* *(Mr. Woodman* orally) for the plaintiff.

*Leonard J. Merski (Mr. Merski* orally) for the defendant.

BOIS, J.   This is an action to recover a balance alleged to be due plaintiff under a contract for labor and materials. Defendant filed a counterclaim for damages allegedly resulting from a breach of contract and misrepresentations made by the plaintiff.

The matter was heard by a Master *(Leonard C. Hardwick,* Esq.) who made written findings and recommended a verdict for the plaintiff in the net sum of $2,469.11. The report was approved by the Court *(Perkins,* J.) and a verdict entered accordingly. Defendant's exceptions were reserved and transferred.

The plaintiff, among other things, is engaged in the business of paving and in the selling of crushed stone. The defendant contractor was indebted to the plaintiff on an overdue open account in the sum of $21,668.77. The parties met to resolve their problems and reached an agreement whereby the defendant would be granted a credit of $3,925.12 on its account providing the following conditions were met.

(1) The defendant would immediately pay to the plaintiff its indebtedness less the allowed credit;

(2) the defendant would award the plaintiff the contract to complete paving the so-called "Maple Haven Sewer project" for the city of Portsmouth and

(3) the defendant would make arrangements with the city to make checks, in payment of the paving job, jointly to plaintiff and defendant and forwarded to the plaintiff.

The master found the defendant to have complied with the first two conditions of the agreement but that it had failed in the "consummation of any assignment or agreement with the City . . . that it would make checks payable to both the plaintiff and defendant and mail the same to the plaintiff." The court held this third requirement to be "a material part of the agreement and it falling, the agreement to grant the discount or allowance . . . fell with it." It was further found that the plaintiff on two occasions failed to appear to do certain paving work previously agreed upon and that as a result the defendant was put to a charge of $1,456 for men and equipment. This sum was allowed as an offset under the counterclaim.

The defendant contends the plaintiff had the burden of proof on the issue of a valid and accepted assignment and, as the record is devoid of any competent evidence from which such a finding could be made, failed in sustaining this burden. The defendant further argues that, even though it had no such burden, it in fact proved that it obtained such a valid and binding agreement from the city. The trier of fact found otherwise.

A review of the record discloses sufficient evidence to support the master's findings. Accordingly, they must stand. *Ciborowski v. Robinson,* 116 N.H. 723, 366 A.2d 493 (1976); *Neilsen v. Dep't of Empl. Security,* 113 N.H. 642, 644, 312 A.2d 708, 710 (1973); *Hardware Mut. Cas. Co. v. Hopkins,* 106 N.H. 412, 417, 213 A.2d 692, 695-96 (1965). Nor can it be said that such findings were clearly erroneous and that they could not have reasonably been made. *Spectrum Enterprises, Inc. v. Helm Corp.,* 114 N.H. 773, 329 A.2d 144 (1974).

Finally, the defendant asserts that the fact that no joint checks were actually issued is not material to the issue of the defendant's breach, as no payments were due the plaintiff because of its own breach of the subsequent paving contract. This argument would have validity only if the verdict was based on such a premise. Al-

though the master granted plaintiff's request for a finding that no joint checks were issued, the report clearly reveals the verdict to be based solely on defendant's failure to consummate the assignment requirements of the agreement.

*Exceptions overruled.*

All concurred.