Belknap
No. 7616

ROGER BEAUDOIN

v.

WILLIAM V. ZACCARDO & a.

March 31, 1977

*Normandin, Cheney & O'Neil,* of Laconia, and *David O. Huot* (*Mr. Huot* orally) for the plaintiff.

*Craig, Wenners, Craig & McDowell,* of Manchester, and *Vincent A. Wenners, Jr.* (*Mr. Joseph F. McDowell III* orally) for the defendants.

PER CURIAM. This is an action for labor, services, and materials brought by Roger Beaudoin, the plaintiff, against Pauline Zaccardo and William Zaccardo, the defendants. The defendants filed a counterclaim for unfinished and unworkmanlike performance by plaintiff.

William Zaccardo contacted Beaudoin in May 1972, and asked him whether he would be interested in constructing a dwelling. At this time Zaccardo did not own property upon which to build the dwelling. Beaudoin indicated his interest and after several discussions, Beaudoin agreed to build a "shell" (with the weekend aid of William Zaccardo) based on a "ballpark figure" of $7,000. There was no written contract. There was a delay in beginning construction due to difficulty in acquiring the deed to land being purchased but the plaintiff was able to begin work in late August. The defendants made several payments totalling $3,000, but then refused to pay further unless certain work was done. The defendants discharged the plaintiff in November 1972. A trial was held before a Master (*Leonard C. Hardwick,* Esq.) resulting in a verdict for the plaintiff in the sum of $4,192.50, less the sum of $500 found by the master to be allowed for defective or unworkmanlike construction.

The issue presented is whether the evidence warranted the master's findings. This court finds it does so.

■ Because there was evidence supporting the existence of an agreement, its disputed terms could be determined by the master as the trier of fact. *Folsom v. Plumer,* 43 N.H. 469 (1862). There was evidence that the defendants wanted the dwelling to be built as cheaply as possible and that the defendant was to help on the weekends. There was also evidence that the delay in receiving the deed made it more difficult to secure cheap ready labor. There was also evidence that the plaintiff constructed an enclosed dwelling, that the charges for materials were reasonable and that the defendants were entitled to some deduction due to unworkmanlike performance.

"When, as here, there is a conflict in the evidence, the existence and terms of the contract are questions to be resolved by the trier of facts who may accept or reject in whole or in part any testimony of the parties." *O'Donnell v. Cray,* 109 N.H. 223, 225, 248 A.2d 83, 84 (1968); *Spectrum Enterprises, Inc. v. Helm Corp.,* 114 N.H. 773, 329 A.2d 144 (1974).

■■ The question of damages was properly considered by the master in making a determination of reasonableness. Substantial, if not actual, performance occurred justifying recovery. *R. J. Berke & Co. v. J. P. Griffin, Inc.,* 116 N.H. 760, 367 A.2d 583

(1976); *Britton v. Turner,* 6 N.H. 481 (1834); 5 A. Corbin, Contracts § 1109 (1964).

*Exceptions overruled.*

GRIMES, J., did not sit.