Belknap
No. 7806

## BELKNAP REALTY TRUST

v.

## JOHN H. FARRINGTON AND MILDRED L. FARRINGTON

October 17, 1977

*Colin A. Norberg,* of Meredith, by brief and orally, for the plaintiff.

*Wescott, Millham & Dyer,* of Laconia (*Mr. Peter V. Millham* orally), for the defendants.

BOIS, J.   This is an action in assumpsit to recover damages for rent arising out of a lease of a store. Trial by a Master (*Charles T. Gallagher,* Esq.) resulted in a verdict for the plaintiff in the amount of $4,680. Defendants claim the plaintiff violated the terms of the lease and that no rent is due for the period the premises were vacant. All questions of law raised by the defendants' exceptions during the course of trial and to errors in the court's decree were reserved and transferred by *Batchelder,* J.

The issue presented is whether the evidence supports the master's findings. We find it does so. The only contention advanced by the defendants is that through their own testimony they introduced uncontroverted oral evidence that, as tenants, they had on several occasions made numerous complaints to one John Goode; that at the time of the signing of the lease John Goode was the managing trustee and the representative of the owner with whom they dealt; that Goode promised the complaints would be corrected; and that in fact the complaints never were corrected. The defendants propose and conclude that it must therefore follow that plaintiff's action should be dismissed as a matter of law.

The master made no findings based on the testimony of the defendants as to Mr. Goode, who incidentally was unavailable to testify. However, after listing the complaints alleged to have existed the master specifically found in pertinent part as follows:

The difficulty with these claims is that the defendants never complained about them to Mr. Norberg, who was one of the trustees of the plaintiff, even though they were paying the rent to him. The letters that Mrs. Farrington wrote to Mr. Norberg in October, 1973 and in June and August, 1974 mention none of the complaints that she now expresses.

We have recently held that where there is a conflict in the evidence, questions are to be resolved by the trier of fact who may accept or reject in whole or in part any testimony of the parties. *Beaudoin v. Zaccardo*, 117 N.H. 273, 371 A.2d 1174 (March 31, 1977) "[C]onflicts in evidence and issues of fact are for the trial court to resolve, and its determinations are binding on the reviewing court where there is evidence to support it." *New Bradford Co., Inc. v. Roger N. Meunier*, 117 N.H. 774, 378 A.2d 748 (1977).

A review of the transcript and the exhibits reveal sufficient evidence to sustain the master's findings and rulings and accordingly they must stand. *Iafolla v. Curran Cossette*, 116 N.H. 850, 368 A.2d 1175 (1976).

*Exceptions overruled.*

All concurred.