Cheshire
No. 7649

GARLAND & LACHANCE CONSTRUCTION COMPANY, INC.

v.

CITY OF KEENE

November 16, 1977

*Faulkner, Plaut, Hanna, Zimmerman & Freund,* of Keene (*Mr. George R. Hanna* orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester (*Mr. Theodore Wadleigh* orally), for the defendant.

PER CURIAM. This is an appeal by the defendant, the city of Keene, from a decision of the Superior Court (*Bois,* J.) ordering an abatement of the plaintiff's real property taxes of $108,513.70 for the years 1970, 1971, 1973 and 1974. In a thorough report, the

Master (*Earl J. Dearborn*) considered three methods for appraising the plaintiff's property, a shopping center located in Keene. He found that the market approach, under which the value of a given piece of property is compared with similar property in the same area, was inadequate because there was only one other shopping center in the area. Similarly, the replacement cost method was found to be too speculative because a builder today would "eliminate and change construction to combat increased construction costs and would not replace a building today in the manner in which it was originally constructed." The master relied on the capitalization of income approach as the best means of assessing value.

Throughout the proceedings below, the defendant took only one exception that is argued here. It is to the denial of his motion to set aside the verdict. Defendant's prior counsel did not except to the master's report itself, nor did he submit requests for findings of fact or law. Such an exception raises no questions of law for this court other than those preserved by special exception during trial or on the face of the record itself. *Johnson v. Martignetti*, 113 N.H. 608, 609, 312 A.2d 703, 704 (1973) (per curiam); *Gove v. Crosby*, 100 N.H. 380, 381, 128 A.2d 205, 206 (1956); *Goddard v. Hazelton*, 96 N.H. 231, 232, 73 A.2d 123, 124 (1950); *cf. Young v. Prendiville*, 112 N.H. 190, 191–92, 291 A.2d 602, 603 (1972) (failure to except to master's report or its acceptance not fatal because party raised issue in request for rulings of law and issues covered in report). Defendant attempts to use this exception to argue that the master has made numerous mistakes. But if the evidence as a whole supports the master, the exception must be overruled. *Ciborowski v. Robinson*, 116 N.H. 723, 366 A.2d 493 (1976) (per curiam); *Nixon v. Cooper*, 97 N.H. 327, 87 A.2d 687 (1952). The master did have sufficient evidence to decide that the income approach would yield the best estimate of value and he had ample figures on which to base his computations. In using the income approach he violated no settled law in this state such that we would invoke any exception to our procedural rule. *See generally McPhee v. Colburn*, 98 N.H. 406, 101 A.2d 458 (1953); *Eastman v. Waisman*, 94 N.H. 253, 51 A.2d 151 (1947).

*Exceptions overruled.*

Bois, J., did not sit; Lampron, J., did not participate in the decision of this case.