Coos
No. 82-053

GASTON RODRIGUE *& a.*

v.

GASTON LaFLAMME *& a.*

November 16, 1982

967

*Bergeron & Hanson,* of Berlin (*Alethea L. Froburg* on the brief and orally), for the plaintiffs.

*Law Offices of Philip R. Waystack, Jr.,* of Colebrook (*Vickie Bunnell* on the brief and orally), for the defendants Gaston LaFlamme and Pauline LaFlamme.

*Sulloway, Hollis & Soden,* of Concord (*Peter F. Imse* on the brief), by brief for the defendants Timothy M. Duprey and Stephen M. Duprey.

KING, C.J.   The plaintiffs, Gaston Rodrigue and Pauline Rodrigue, brought a petition to enjoin the defendants Timothy M. Duprey and Stephen M. Duprey from constructing residential apartment units in West Stewartstown, New Hampshire. A Master (*Robert B. Dickson,* Esq.) recommended that the plaintiffs' petition be denied.

The Trial Court (*Dunfey,* C.J.) approved the master's recommendation, and the plaintiffs appealed. We affirm.

In 1974, the defendants Gaston and Pauline LaFlamme decided to subdivide approximately eight acres, owned solely by Pauline LaFlamme, of a fifty-acre tract of land in West Stewartstown, into six identical lots bordered on the sides by the remainder of the fifty-acre tract. Because the town had no zoning ordinance or subdivision regulations, the land use in the immediate neighborhood was both residential and commercial.

In June 1975, Pauline LaFlamme conveyed the first of the lots to Jean and Diane Cote. The deed to the Cotes contained eight restrictive covenants which were prepared by the LaFlammes' attorney. The first covenant read as follows: *"Occupancy:* The land conveyed herein is to be used for single family residence purposes only, *except as may be expressly and otherwise approved in writing by the Grantor."* (Emphasis added.) Later in 1975, the plaintiffs purchased one of the lots. Their deed contained eight covenants identical to those contained in the Cote deed. The plaintiffs and Pauline LaFlamme discussed the deed at the plaintiffs' attorney's office, and the attorney read the deed in its entirety to the plaintiffs. The plaintiffs did not ask Mrs. LaFlamme or her attorney any questions about the meaning of the covenants contained in the deed.

In late 1980, the defendants Duprey wanted to purchase four of the lots for the purpose of constructing twenty residential apartment units under a program sponsored by the Farmers Home Administration. In September 1981, after being convinced that the units would be clean and well-maintained, Mrs. LaFlamme conveyed four lots plus an additional tract of adjacent land to the Dupreys. Their deed contained an express waiver of the single-family-residential-use covenant.

When the Dupreys started work for the proposed construction on their property, the plaintiffs commenced this action by filing a petition to enjoin the construction. The petition asserted that the single-family-residential-use covenant in the plaintiffs' deed prevented the Dupreys from using their property for any use other than single-family residences.

At trial, the master found that "there [was] clear and convincing evidence that prior to purchasing [their lot], the [p]laintiffs were made aware of the restrictions and express reservations" in the deed. The master further found that the plaintiffs had ample opportunity to raise any questions concerning the language of the deed prior to closing. Consequently, the master denied the relief sought by the plaintiffs. The plaintiffs took no exception to the master's findings or rulings, nor did they object or except to the

master's report or file a motion to set it aside. Rather, the plaintiffs simply appealed the judgment entered below by filing a timely notice of appeal in this court.

Generally, the failure of a party to take an exception to the trial court's ruling will preclude review of the issue on appeal. *State v. Kelly*, 120 N.H. 904, 905, 424 A.2d 820, 821 (1980). The purpose of the rule requiring exceptions is to ensure that the trial judge is aware that the party unfavorably affected by the ruling is not satisfied. 1 WIGMORE ON EVIDENCE § 20, at 353 (3d ed. 1940). This enables the trial judge to consider the alleged error in his ruling and to take remedial measures when necessary. *State v. Kelly*, 120 N.H. at 904, 424 A.2d at 821.

We have, however, noted some limited exceptions to the general rule requiring a party to take an exception. In *Barton v. Manchester*, 110 N.H. 494, 496, 272 A.2d 612, 613-14 (1970), we noted that exceptions are unnecessary when the hearing below was designed to secure a ruling on a single question. For instance, in *Gove v. Crosby*, 100 N.H. 380, 128 A.2d 205 (1956), the issue was limited by agreement to whether at the time of her death the decedent was living apart from her husband for cause. The trial court ruled that the burden of proving that the decedent was living apart for cause was on the plaintiff, the brother of the decedent, who sought to have the estate distributed to him rather than to the decedent's husband. The plaintiff took no exception during trial but entered a bill of exceptions after the court entered its finding and decree. We held that despite the plaintiff's failure to take an exception, this court could properly review the issues raised because the hearing was limited to a single question. *Id.* at 381, 128 A.2d at 206.

The reason that no exception is necessary in cases in which the hearing below was designed to secure a ruling on a single question is that in such a case, an exception by the party unfavorably affected by the ruling on the question would not further the purpose of the rule. Undoubtedly, the trial judge in writing his opinion would already be aware that the losing party would not be satisfied with such a ruling. The trial judge would be unlikely to reverse himself merely because the party excepted to the ruling, because the judge already would be aware of the party's reasons for disagreeing with the ruling.

*Proulx v. City of Dover*, 120 N.H. 674, 421 A.2d 133 (1980), *Martineau v. Perrin*, 119 N.H. 529, 404 A.2d 1100 (1979), and *Garland & LaChance Const. Co. v. City of Keene*, 117 N.H. 920, 379 A.2d 1259 (1977), are consistent with this rule. In *Garland*, we

reviewed the sufficiency of the evidence to determine if it supported the trial court's verdict for the plaintiff, because the defendant had excepted only to the court's denial of his motion to set aside the verdict and not to the master's report itself. We noted that review on the merits was not justified because the case did not fit within any exceptions to the general rule. *Id.* at 921, 379 A.2d at 1260. In *Martineau,* the plaintiffs in habeas corpus petitions sought to set aside their murder convictions on the ground that the reasonable doubt instruction given to the respective juries was unconstitutional. We denied the petition because the plaintiffs had not taken exceptions to the instruction at their trials, and the cases did not come within any exception to the general rule. 119 N.H. at 532–33, 404 A.2d at 1102–03. In *Proulx,* the defendant did not file an exception. Unlike the defendant in *Garland,* however, the defendant in *Proulx* did not file a motion to set aside the verdict, and this court was therefore precluded from even minimal review. 120 N.H. at 674, 421 A.2d at 134.

■ In the present case, review is proper even though the plaintiffs did not take an exception to the master's findings or to his report. The case presented the single question of whether the plaintiffs' deed prevented the Dupreys from using the property for any use other than for single-family residences. This would fit within the *Gove* exception for cases in which the hearing below was designed to secure a ruling on a single question. Because we hold that this case fits within the *Gove* exception, review of the trial court's decision is proper.

■■ Restrictive covenants and equitable servitudes have long been recognized as effective tools for land-use control in this State. In this case, the Dupreys' deed contained no covenant regarding single-family-residential use. To prevail, the plaintiffs must rely on the theory of an equitable reciprocal servitude. *See Gauthier v. Robinson,* 122 N.H. 365, 368, 444 A.2d 564, 566 (1982). To enforce an equitable reciprocal servitude, the plaintiffs must prove that uniform restrictions were to be imposed on each lot for the benefit of all the other lots in the general plan and that the Dupreys had notice of the restrictions. *See id.* at 368, 444 A.2d at 566.

■■ The existence of an equitable reciprocal servitude can be ascertained from the development plan, the instruments, the conduct of the parties, and the surrounding circumstances. *Id.* at 368, 444 A.2d at 566. In the present case, although there was a plan which depicted the six lots, the master found no general scheme of development, noting that land use in the area was a mix of

residential and commercial. Moreover, the language of the covenant itself indicates that the covenant could be released at the will of the grantor. The plaintiffs knew when they purchased their lot that, even if the same restriction applied to all six lots, compliance with the covenant could be waived by Pauline LaFlamme at any time. For this reason, we hold that the plaintiffs failed to offer sufficient proof that an equitable reciprocal servitude existed.

The plaintiffs argue in the alternative that if this court refuses to find an equitable reciprocal servitude, a rule of "reasonableness" should be imposed on Pauline LaFlamme's right to waive the single-family residential-use restriction. The plaintiffs argue that Mrs. LaFlamme contemplated that only *two-family residences* might be built on the Duprey's lots, and that her right to waive compliance with the single-family-residence restriction could be exercised only to allow two-family residences on those lots. The trial court found that Mrs. LaFlamme's intent was to restrict the use of the Dupreys' lots to "clean" structures. There was no indication that she intended to permit only two-family, rather than multi-family, structures. We will not disturb the trial court's finding as to Mrs. LaFlamme's intent because a reasonable person could have found as the trial court did. *See Zimmerman v. Suissevale, Inc.*, 121 N.H. 1051, 1054, 438 A.2d 290, 292 (1981).

*Affirmed.*

All concurred.