Lebanon District Court
Grafton County Superior Court
No. 85-065

## THE STATE OF NEW HAMPSHIRE

v.

## ROBERT F. PENN, SR.

October 24, 1985

*Stephen E. Merrill*, attorney general (*Stephen J. Judge*, assistant attorney general, on the brief), by brief for the State.

*R. Peter Decato*, of West Lebanon, by brief for the defendant.

### MEMORANDUM OPINION

On January 7, 1985, the Lebanon District Court found the defendant guilty of reckless driving, RSA 265:79 (Supp. 1983). The defendant then moved for an extension of the 30-day period provided for appeal to this court, *see* RSA 599:1-c, II (Supp. 1983), and also petitioned the superior court to accept an appeal for trial de novo under RSA 599:1 (Supp. 1983). The defendant has appealed the denial of the former motion, by Lovejoy, J., on January 24, 1985, and the denial by Johnson, J., of the latter motion on February 12, 1985. We affirm.

The defendant did not brief his position on the district court's denial of the motion to enlarge the time for appeal to this court, and he thereby waived the issue. *Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983). The State asserts that he also waived any right to appeal the superior court's refusal to accept his appeal for trial de novo, because he failed to except to the denial of his petition. We disagree, since an exception was not required from an adverse dispositive ruling after a hearing limited to a single question. *Rodrigue v. LaFlamme*, 122 N.H. 966, 969, 453 A.2d 1254, 1256 (1982). *Cf.* SUPER. CT. R. 77A; N.H. R. EV. 103.

Turning to the merits, the defendant claims that he was entitled to an appeal for trial de novo in the superior court because his conviction would provide "the basis for enhanced penalties" if he should be convicted again of reckless driving. *See* RSA 599:1 (Supp. 1983). He argues that RSA 265:79 (Supp. 1983) provides for an enhanced penalty for a subsequent reckless driving conviction by requiring a revocation of license for at least 60 days and for as long as one year, whereas on a first conviction the revocation may not exceed a mandatory 60 days. The State contends to the contrary that a license revocation is not a penalty within the meaning of RSA 599:1 (Supp. 1983) and, therefore, that the defendant is not entitled to a superior court appeal on the basis of the language quoted from the statute.

Although the State has cited cases from other jurisdictions, which hold that a revocation of driver's license is not penal in nature, *State v. Blood*, 360 N.W.2d 820 (Iowa 1985); *Levy Motor Vehicle Case*, 194 Pa. Super. 390, 169 A.2d 596 (1961), these cases do not control our interpretation of the New Hampshire statute. Some of our own cases do contain language supporting the argument that revocation is considered a safety measure rather than a penalty, *see State v. Greenwood*, 115 N.H. 117, 119, 335 A.2d 644, 646 (1975); *State v. Bowles*, 113 N.H. 571, 574, 311 A.2d 300, 302 (1973); *Cedergren v. Clarke*, 99 N.H. 421, 423, 112 A.2d 882, 883–84 (1955), but these cases did not directly address the point in issue here. *Cf. State v. Vashaw*, 113 N.H. 636, 638, 312 A.2d 692, 693 (1973).

We find a more persuasive indication of legislative intent when we consider the consequences that would result from adoption of the defendant's position. If a revocation of license were a penalty under the reckless driving statute, presumably it would also be a penalty under the habitual offender statute. *See* RSA 262:18 to :26 (1982 & Supp. 1983). It would follow that any conviction that could be considered for habitual offender status and consequent revocation of license would provide "the basis for enhanced penalties" within the meaning of RSA 599:1 (Supp. 1983). Since yellow line and speeding violations may be considered under the habitual offender law, *see* RSA 259:39, II(a) and (b), a conviction for every such petty violation would entitle a defendant to a de novo superior court trial. This result would effectively thwart the statutory object of the present RSA 599:1 (Supp. 1983) (*see* Laws 1983, 282:6), which is obviously to minimize superior court appeals in violation cases. We, therefore, conclude that the legislature did not regard a license revocation as a penalty within the meaning of the statute. The superior court read the statute correctly in refusing to accept the appeal.

*Affirmed.*

JOHNSON, J., did not sit.